# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 92 C 3265 | **DATE** | 3/8/2001 |
| **CASE TITLE** | CAMPBELL vs. IDOC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Motion (343-1) for attorneys fees is granted. Motion (339-1) for fees for services is denied without prejudice.**

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 15 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 360 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DONALD CAMPBELL, a/k/a DON LEE,

   Plaintiff,

   v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, et al.,

   Defendants.

No. 92 C 3265
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Attorney George N. Leighton was appointed to represent plaintiff Donald Campbell, a prisoner, in a civil suit against the Illinois Department of Corrections. With Mr. Leighton's assistance, plaintiff won his lawsuit, and a jury awarded him in excess of $100,000 in damages. I previously ordered defendant to pay Mr. Leighton attorney's fees in the amount of $45,550.48. Mr. Leighton now seeks a further award in the amount of $8,829.21 for the 72.25 hours he spent litigating the fees petition.

### I. "Fees on Fees" and the PLRA

I must first address an issue which neither side raised. Under the PLRA, my power to award attorney's fees in prisoner civil rights cases is limited to situations in which the fee was "directly and reasonably incurred in proving an actual violation of the plaintiff's rights. . . ." *See* 42 U.S.C. § 1997(d)(1)(A). I must determine whether the fees Mr. Leighton seeks for time spent preparing his fee petition were directly incurred in proving a violation of Mr. Campbell's rights. This is a matter of first impression in this circuit.

DOCKETED MAR 15 2001

The Third Circuit, the only court to have addressed this issue, held that an attorney who litigates a fee petition is entitled to "fees on fees" under the PLRA. See *Hernandez v. Kalinowski*, 146 F.3d 196 (3d Cir. 1998). This result makes sense. Virtually every circuit court, including the Seventh Circuit, has interpreted a similar statute–the Civil Rights Attorney's Fees Awards Act–to allow for the recovery of "fees on fees." A contrary result would be inconsistent with the purpose of the Fees Act, which is to encourage private prosecution of civil rights claims and to deter civil rights violations. See *Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980). Similar reasoning applies here. Refusal to grant "fees on fees" would be inconsistent with the dual purposes of the PLRA: to deter frivolous prisoner litigation by making prisoners pay costs associated with their civil complaints, while preserving the right of prisoners with valid claims to have access to an attorney. The case at hand was not a frivolous case; it is a meritorious case unless judgment is reversed. I do not believe that Congress intended to allow defendants to erode the amount which a plaintiff's attorney "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" by disallowing the award of "fees on fees." *See Hernandez*, 146 F.3d at 200.

Moreover, allowing plaintiff to recover "fees on fees" under the PLRA will encourage parties in prisoner civil rights suits to settle fee disputes; a contrary rule would encourage defendants to oppose awards of attorney's fees automatically. As the Third Circuit found:

> "If 'fees on fees' are not allowed under the PLRA, defendants will have an incentive to refuse to pay fees until formally ordered. . ...Defendants would be encouraged to create further litigation over fees that they rightfully owe to plaintiffs, and parties would be discouraged from settling such matters amongst themselves. Thus, disallowing plaintiffs to collect 'fees on fees' would directly contravene the Congressional purpose behind the PLRA of minimizing frivolous litigation, and preserving judicial resources for meritorious claims." 146 F.3d at 200.

This lawsuit is a case in point. Defendants objected to plaintiff's initial fee petition. They subsequently objected to Judge Schenkier's report. When I overruled defendants' objections and ordered them to pay Mr. Leighton's fees, they filed yet another motion to stay the fee award pending outcome of the appellate case. Mr. Leighton spent a significant amount of time responding to defendants' numerous objections to his fee petition. Failure to grant the present motion would reduce his original fee award by nearly $8500. Such a result would be inequitable, as well as inconsistent with the language and the purpose of the PLRA's fee limitation provisions. I therefore find that Mr. Leighton is entitled to recover fees for the time he spent preparing his fee petition.

## II. Hourly Rate Under the PLRA

The parties previously briefed the issue of the hourly rate at which plaintiff's counsel should be paid. I agreed with Judge Schenkier that defendants' interpretation of 42 U.S.C. § 1997e(d)(3) is not supported by the statute's express language. The rate of payment "established" by the Judicial Conference in this district is $75 per hour. There is nothing in the statute to suggest that payment should be limited to 150% of the CJA payments actually funded in each judicial district. See *Ilick v. Miller*, 68 F. Supp.2d 1169, 1173 (D. Nevada 1999). Moreover, it would not make sense to import such a limitation since the payment of attorneys' fees in prisoner civil rights cases will not come from CJA funds. Plaintiff's counsel is to be compensated at the rate of $112.50 per hour ($75 x 1.5) for time spent litigating the fee award.

## III. Whether Time Spent Was Excessive

Defendants contend that Mr. Leighton's request for attorney's fees is excessive. They object to each and every entry on the time schedule set forth in Mr. Leighton's affidavit with the

3

phrase: "the amount of time appears excessive for this entry and should be reduced." (This refrain is repeated 17 times in their brief). Defendants have not, however, submitted an affidavit or any other support for challenging the accuracy or reasonableness of the hours charged. Many of their objections appear wholly without basis and some mis-characterize the content of Mr. Leighton's affidavit. Given that defendants vigorously opposed Mr. Leighton's petition for fees in numerous motions over the course of eight months, the 72 hours that Mr. Leighton claims is not at all unreasonable.

### IV. Whether Attorney's Fees Must Be Drawn From Jury's Award

Defendants rehash the argument that, pursuant to § 1997e(d)(2), attorney's fees should be drawn from the amount of the judgment. Judge Schenkier addressed this argument at length in his recommendation. He concluded that requiring plaintiff to use up to 25 percent of the jury award to pay fees here would be an unlawful retroactive application of the PLRA. I agreed with Judge Shenkier's analysis, and I see no reason to depart from it for purposes of the present motion.

### V. Attorney's Fees for the Appeal

Plaintiff's counsel also seeks fees and costs in the amount of $17,028.20 for the appeal and cross-appeal. This request is premature. The PLRA allows me to award fees in certain actions brought by a prisoner "in which attorney's fees are authorized under section 1988." Pursuant to § 1988, I may only award attorney's fees to the prevailing party on appeal. See *Local 17 Int'l Ass'n of Heat and Frost Insulators v. Young*, 775 F.2d 870, 873-4 (7th Cir.1985). Plaintiff is not yet the prevailing party on appeal. The Seventh Circuit heard oral argument in this case on October 30, 2000. A decision has not yet been rendered. I will reconsider this

4

motion if plaintiff wins his case in the Seventh Circuit and the fees issue is not decided by the Court of Appeals.

### VI. Conclusion

The motion for attorney's fees for litigating the fee petition is granted. I award Mr. Leighton $8,829.21 ($8465.63 in fees and $363.58 in costs). The motion for fees for services rendered on appeal is denied without prejudice to its being raised again after the Seventh Circuit issues its decision.

ENTER:

James B. Zagel
United States District Judge

DATE: MAR - 8 2001